**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALAAALDIN ALFONS BOM,

Defendant.

Case No. 3:25-cr-00069-SLG-KFR

## ORDER ON PRETRIAL MOTIONS

Before the Court at Docket 39 is Defendant Alaaaldin Alfons Bom's Motion to Dismiss.[1] The Government responded in opposition at Docket 42, to which Defendant replied at Docket 71.[2] Also before the Court at Docket 72 is Defendant's Motion to Suppress. The Government responded in opposition at Docket 74.

## BACKGROUND

Defendant has been charged with eight drug and firearm offenses.[3] The indictment also contains an Enhanced Statutory Penalty Allegation that alleges that before Defendant committed several of the charged offenses, he "had a final conviction for a serious violent felony, Robbery in the First Degree – Armed with a

---

[1] As the Government notes, Defendant's motion "is internally inconsistent: it is captioned as a motion to dismiss Count VI, discusses § 841 enhanced penalties for Counts I-III, VII, and VIII, and concludes by asking to dismiss Count VIII." Docket 42 at 1 n.1. In his reply, Defendant clarified that he seeks only "an order precluding the government from relying on Mr. Bom's prior Alaska robbery conviction to enhance the statutory penalties under 21 U.S.C. §§ 841(b) and 851." Docket 71 at 7 n.1. Therefore, the Court rules on Defendant's motion to dismiss as so limited.

[2] Defendant's reply was filed pursuant to the Court's order at Docket 44.

[3] Docket 13 at 1-5.

Deadly Weapon, in violation of Alaska Stat. § 11.41.500(a)(1), for which he served a term of imprisonment exceeding one year. All pursuant to 21 U.S.C. § 841(b)(1)(A), (B), and (C)."[4]

The criminal charges in this case arose "from a lengthy investigation of Bom and others for narcotics trafficking."[5] During the investigation, law enforcement came to learn that a certain cellphone number was associated with Defendant.[6] The phone number was serviced by telecommunications company General Communications Incorporated ("GCI").[7] Law enforcement sought a search warrant for GCI's business records pertaining to Defendant's phone number, including the provision of automated tracking information every 15 minutes, to provide law enforcement with the approximate location of the device.[8] On September 12, 2025, an Alaska state court judge granted the search warrant ("GCI Warrant") upon finding "probable cause to believe that" GCI held business records regarding Defendant's cellphone number and that such property was evidence of the crime of "MICS" and was used as a means of committing a crime."[9]

Then on October 27, 2025, a federal magistrate judge issued a search

---

[4] Docket 13 at 5.

[5] Docket 74 at 3; *see* Docket 74-1 at 2-6.

[6] Docket 74-1 at 2-6.

[7] Docket 74-1 at 6.

[8] Docket 74-1 at 7-10.

[9] Docket 74-1 at 11, 14; *see also* Docket 74-1 at 11-15.

warrant for a residence on Bunn Street in Anchorage, Alaska ("Bunn Street Warrant").[10] The affidavit filed in support of that search warrant linked Defendant to the Bunn Street address in part through reference to the cellphone location data that the affiant had obtained pursuant to the GCI Warrant.[11]

## LEGAL STANDARDS

### I. Fourth Amendment

Pursuant to the Fourth Amendment of the U.S. Constitution, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." "Thus, where a warrant is issued unsupported by oath or affirmation, it is invalid under the Fourth Amendment."[12] The exclusionary rule provides that "evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure."[13] Where illegal evidence is being used in a criminal proceeding, a defendant may bring a motion to suppress the evidence prior to trial pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C).

The Supreme Court in *United States v. Leon* describes an exception to the exclusionary rule "[w]here the official action was pursued in complete good faith."[14]

---

[10] Docket 72 at 3; *see* Docket 73-1.

[11] Docket 72 at 4; Docket 73-1 at 22-27.

[12] *United States v. Vargas-Amaya*, 389 F.3d 901, 904 (9th Cir. 2004).

[13] *United States v. Calandra*, 414 U.S. 338, 347 (1974).

[14] *United States v. Leon*, 468 U.S. 897, 919 (1984) (quoting *United States v. Peltier*, 422 U.S. 531, 539 (1975)).

The *Leon* good faith exception does not apply where:

> [(1)] the judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. . . . [(2)] where the issuing magistrate wholly abandoned his judicial role . . . [(3) where the affidavit is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable [and (4) where the warrant is] so facially deficient - i.e., in failing to particularize the place to be searched or the things to be seized - that the executing officers cannot reasonably presume it to be valid.[15]

In addition, to be covered by the good faith exception, the officer's reliance on the subsequently invalidated search warrant must be objectively reasonable.[16]

## II. Enhanced Statutory Penalty

Section 841 of Title 21 provides enhanced penalties for certain drug offenses. Specifically, § 841(b)(1)(A) and (B) provide that "[i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than" 10 or 15 years and "not more than life imprisonment."[17] As relevant here, the Controlled Substances Act defines "serious violent felony" as "an offense described in section 3559(c)(2) of title 18, United States Code, for

---

[15] *Id.* at 923.

[16] *Id.* at 922.

[17] 21 U.S.C. § 841(b)(1)(A)-(B). The Government also cites § 841(b)(1)(C) in its enhanced statutory penalty allegation in the indictment. However, that provision applies where the defendant "commits such a violation after a prior conviction for a felony drug offense has become final." Per the indictment, the enhanced statutory penalty sought by the Government is based on Defendant's prior robbery conviction and not a prior felony drug offense.

which the offender served a term of imprisonment of more than 12 months."[18] In turn, § 3559(c)(2)(F) defines "serious violent felony" as

> (i) a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in [18 U.S.C.] section 2111, 2113, or 2118); . . . or attempt, conspiracy, or solicitation to commit any of the above offenses [enumerated offense clause]; and
>
> (ii) any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another [force clause] or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense [residual clause].[19]

To determine whether a prior state conviction qualifies as a predicate "serious violent felony," courts apply the categorical approach.[20] Under that approach, a court compares the elements of the state offense to the federal offense to determine whether the elements of each offense match.[21] If the statutory elements of the underlying state offense are the same or are narrower than the

---

[18] 21 U.S.C. § 802(59)(A).

[19] The Supreme Court has held that language similar to the residual clause is unconstitutionally vague. *United States v. Davis*, 588 U.S. 445, 449, 470 (2019) (holding that definition of a crime of violence to include a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" is unconstitutionally vague (quoting 18 U.S.C. § 924(c))); *Johnson v. United States*, 576 U.S. 591, 594, 597 (2015) (holding that Armed Career Criminal Act definition of a "violent felony" to include a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague (quoting 18 U.S.C. § 924(e)(2)(B))).

[20] *Taylor v. United States*, 495 U.S. 575, 600-02 (1990); *Descamps v. United States*, 570 U.S. 254, 260-61 (2013); *Mathis v. United States*, 579 U.S. 500, 504-06 (2016).

[21] *See Mathis*, 579 U.S. at 504-05; *Taylor*, 495 U.S. at 599-602; *Shular v. United States*, 589 U.S. 154, 158-60 (2020).

elements of the federal offense, the two crimes are a categorical match and the offense qualifies as a serious violent felony for purposes of § 3559 and § 841(b)(1).[22]

If a "statute sets out one or more elements of the offense in the alternative" and "one alternative . . . matches an element in the generic offense, but the other . . . does not," then the statute is divisible and a "modified categorial approach" applies.[23] "[T]he modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction."[24] Once the court has determined which alternative formed the basis of the prior conviction, the court then compares the elements of the crime of conviction to the elements of the federal offense.[25]

## DISCUSSION

### I. Motion to Dismiss

While Defendant's motion focuses on the force clause at § 3559(c)(2)(F)(ii),[26] his reply more appropriately addresses both the enumerated

---

[22] *See Descamps*, 570 U.S. at 257.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *See, e.g.*, Docket 39 at 1 ("Alaska's First-Degree Robbery statute is not a categorically predicate 'serious violent felony' under the force clause of the definition found at 18 U.S.C. § 3559(c)(2)(F)(i-ii).").

clause and the force clause.[27] Defendant contends that his prior conviction for first degree robbery pursuant to Alaska Stat. § 11.41.500(a)(1) is not a "serious violent felony" as that phrase is defined in § 3559(c)(2)(F). Alaska Stat. § 11.41.500(a)(1) provides as follows:

> (a) A person commits the crime of robbery in the first degree if the person violates AS 11.41.510 and, in the course of violating that section or in immediate flight thereafter, that person or another participant
>
> > (1) is armed with a deadly weapon or represents by words or other conduct that either that person or another participant is so armed;
> >
> > . . . .

In turn, Alaska Stat. § 11.41.510 provides:

> (a) A person commits the crime of robbery in the second degree if, in the course of taking or attempting to take property from the immediate presence and control of another, the person uses or threatens the immediate use of force upon any person with intent to
>
> > (1) prevent or overcome resistance to the taking of the property or the retention of the property after taking; or
> >
> > (2) compel any person to deliver the property or engage in other conduct which might aid in the taking of the property.

"Force" is defined in Alaska law as "any bodily impact, restraint, or confinement or the threat of imminent bodily impact, restraint, or confinement."[28] "Bodily impact"

---

[27] *See, e.g.*, Docket 71 at 7-8; *see also* Docket 42 at 5 ("Defendant's central error is treating this case as though the government must prove that Alaska first-degree robbery qualifies under 18 U.S.C. § 3559(c)(2)(F)(ii)'s force clause. It need not.").

[28] Alaska Stat. § 11.81.900(b)(29).

can include "indirect contact[]," for example, "where the defendant does not actually touch the victim but, instead, exerts impact on property that is attached to the victim or that the victim is holding onto" and the victim resists.[29]

In comparison, 18 U.S.C. §§ 2111, 2113, and 2118 criminalize the taking or attempted taking, "by force and violence, or by intimidation," "anything of value" "from the person or presence of another."[30] "The relevant element of the federal robbery statutes is the taking of anything of value 'by force and violence, or by intimidation.'"[31] The Ninth Circuit has defined "intimidation" under § 2113 to mean "willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm.*"[32]

The Ninth Circuit has held that the offenses identified in §§ 2111, 2113, and 2118 are "crimes of violence" pursuant to the elements clause of 18 U.S.C. §

---

[29] *Butts v. State*, 53 P.3d 609, 613-14 (Alaska Ct. App. 2002); *see id.* at 614 ("We therefore construe the term 'bodily impact' in AS 11.81.900(b)(26) to include indirect bodily impacts such as the one presented in this case. Butts effected a 'bodily impact' on Joens when he attempted to wrest Joens's purse from her grasp because she actively resisted his effort. He therefore took the purse by 'force' as that term is defined in AS 11.81.900(b)(26).").

[30] 18 U.S.C. § 2111 ("Whoever, within the special maritime and territorial jurisdiction of the United States, by force and violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years."); *id.* § 2113(a) ("Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . ."); *id.* § 2118(a) ("Whoever takes or attempts to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act . . . .").

[31] *United States v. Minjarez*, 374 F. Supp. 3d 977, 988 (E.D. Cal. 2019).

[32] *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (emphasis in original).

924(c)(3)(A) because they have "as an element the use, attempted use, or threatened use of physical force."[33] And the Supreme Court has held that the amount of physical force required to satisfy the force clause is "violent" physical force, that is, force capable of causing physical pain or injury.[34]

In comparing Alaska second degree robbery with the federal offenses enumerated in § 3559(c)(2)(F)(ii), it is evident that the statutes do not match as to the element of the amount of force required. Under Alaska law, "force" includes "any bodily impact"[35] and, as noted above, may even include "indirect contact[]."[36] But the federal robbery offenses require "violent" physical force.[37] Therefore, the Court finds that Alaska second degree robbery is not a categorical match to the federal robbery statutes and is therefore not a serious violent felony pursuant to the enumerated clause of § 3559(c)(2)(F)(i).

The Government also maintains that Alaska second degree robbery is a serious violent felony pursuant to the force clause of § 3559(c)(2)(F)(ii).[38] In

---

[33] *United States v. Burke*, 943 F.3d 1236, 1237 (9th Cir. 2019) (§ 2118); *United States v. Fultz*, 923 F.3d 1192, 1194-95, 1197 (9th Cir. 2019) (§ 2111); *United States v. Watson*, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam) (§ 2113).

[34] *Johnson*, 559 U.S. at 140; *see also Watson*, 881 F.3d at 785 ("[The defendants] do not dispute that committing bank robbery 'by force and violence' necessarily entails the use of violent physical force as *Johnson* requires.").

[35] Alaska Stat. § 11.81.900(b)(29).

[36] *See supra* n.29; *Butts*, 53 P.3d at 613-14.

[37] *See supra* nn. 33-34.

[38] Docket 42 at 9-11.

*Stokeling v. United States*, the Supreme Court held that violent physical force required by the force clause "encompasses robbery offenses that require the criminal to overcome the victim's resistance."[39] In *United States v. Shelby*, the Ninth Circuit reaffirmed its holding in *United States v. Strickland*—made prior to *Stokeling*—that Oregon third degree robbery required only minimal physical force and therefore it is not a violent felony under the force clause of the Armed Career Criminal Act.[40] Under Oregon law,

> A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:
>
> (a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or
>
> (b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle.[41]

As to the amount of force required, Alaska second degree robbery is nearly identical to Oregon third degree robbery.[42] Therefore, pursuant to *Strickland* and

---

[39] 586 U.S. 73, 77 (2019).

[40] *United States v. Shelby*, 939 F.3d 975, 978-79 (9th Cir. 2019) (citing *United States v. Strickland*, 860 F.3d 1224, 1227 (9th Cir. 2017)).

[41] *Id.* at 978 (quoting Or. Rev. Stat. § 164.395(1)).

[42] *Compare* Alaska Stat. § 11.41.510, *with* Or. Rev. Stat. § 164.395(1). *See State v. Delagarza*, 8 P.3d 362, 367 (Alaska Ct. App. 2000) ("[W]e conclude that [the defendant] has not shown that a defendant's conduct that could result in a conviction of third-degree robbery in Oregon would not also support a conviction of second-degree robbery in Alaska.").

*Shelby*, the Court finds that Alaska second degree robbery requires the use of only minimal force and therefore does not satisfy the force clause of § 3559(c)(2)(F)(ii).[43]

The Court therefore must turn to Defendant's statute of conviction, Alaska first degree robbery, to determine whether Defendant has a prior conviction for a "serious violent felony." In *Shelby*, the Ninth Circuit also addressed whether Oregon's first degree robbery statute was a violent felony pursuant to the ACCA's force clause. Oregon first degree robbery occurs "if the person violates [Oregon third degree robbery] and the person: (a) Is armed with a deadly weapon; (b) Uses or attempts to use a dangerous weapon; or (c) Causes or attempts to cause serious physical injury to any person."[44] The Ninth Circuit held that Oregon first degree robbery "is not a categorically violent offense" because "[f]irst-degree robbery occurs under § 164.415(1)(a) if the perpetrator is merely 'armed with a deadly weapon.'"[45] The Ninth Circuit assumed without deciding that the statute was divisible, holding that the district court had erred in finding that the defendant has been convicted under subsection (b) because the documents consulted by the district court did not establish that the defendant had been convicted under that

[43] *Cf. Marker v. State*, 692 P.2d 977, 982 (Alaska Ct. App. 1984) (holding that "bodily impact [as defined in Alaska Stat. § 11.81.900(b)(22)] does not invariably cause 'pain or impairment of a physical condition,' *i.e.,* physical injury").

[44] *Shelby*, 939 F.3d at 978 (quoting Or. Rev. Stat. § 164.415(1)).

[45] *Id.* at 979; *see also United States v. Parnell*, 818 F.3d 974, 980 (9th Cir. 2016) ("There is a material difference between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force. Only the latter falls within ACCA's force clause.").

subsection.[46]

Alaska first degree robbery is similar to Oregon first degree robbery.[47] Alaska first degree robbery is also defined to include instances where "the perpetrator is merely 'armed with a deadly weapon.'"[48] Therefore, in light of *Shelby*, the Court finds that a conviction pursuant to Alaska Stat. § 11.41.500(a)(1) "is not a categorically violent offense."[49]

The Court therefore must determine whether Alaska first degree robbery is a divisible statute. The Court finds that it is not. The Alaska Criminal Pattern Jury Instruction for first degree robbery confirms that to be convicted pursuant to Alaska Stat. § 11.41.500(a)(1), the jury must find that the defendant "was armed with a deadly weapon or represented by words or other conduct that either the defendant or another participant was so armed."[50] The instruction is not written such that these are alternative means to satisfy the statute and even if they were, neither would render conviction pursuant to Alaska Stat. § 11.41.500(a)(1) a serious violent felony under the force clause because all that is required is that the defendant be armed or represent that he or another participant is armed, and "[t]here is a material difference between the presence of a weapon, which

---

[46] *Shelby*, 939 F.3d at 980-81.

[47] *Compare* Alaska Stat. § 11.41.500(a)(1), *with* Or. Rev. Stat. § 164.415(1).

[48] *Shelby*, 939 F.3d at 979; Alaska Stat. § 11.41.500(a)(1).

[49] *Shelby*, 939 F.3d at 979.

[50] Alaska Crim. Pattern Jury Instr. 11.41.500(a) (revised 2004).

produces a risk of violent force, and the actual or threatened use of such force."[51] As such, the Court finds that Defendant's prior conviction pursuant to Alaska Stat. § 11.41.500(a)(1) does not have "as an element the use, attempted use, or threatened use of physical force against the person of another" and it therefore does not qualify as a serious violent felony under the force clause.[52]

Therefore, Defendant's Motion to Dismiss the Enhanced Statutory Penalty Allegation is **GRANTED**.

## II. Motion to Suppress

In his Motion to Suppress, Defendant asserts that if the GCI Warrant "was issued under" "a certification that the information sought is 'relevant to an ongoing criminal investigation'" "rather than on a probable cause showing" then the cellphone location data underlying the federal warrant was obtained in violation of the Fourth Amendment and the fruits of the search pursuant to the federal warrant must be suppressed.[53] Defendant also maintains that, absent the cellphone location data, the warrant affidavit does not support a finding that there was probable cause to search the Bunn Street residence.[54]

With its response to the motion, the Government provided a copy of the GCI Warrant, which establishes that the state judge issued the GCI Warrant for the

---

[51] *Parnell*, 818 F.3d at 980.

[52] 18 U.S.C. § 3559(c)(2)(F)(ii).

[53] Docket 72 at 6-7.

[54] Docket 72 at 7-8.

cellphone location data pursuant to a probable cause finding. No evidentiary hearing is required because the Government provided a copy of the warrant, which is dispositive on the issue of whether the GCI Warrant was based on a finding of probable cause.[55] Because the cellphone location data was obtained on a probable cause finding, and a review of the affidavit for the Bunn Street Warrant supports the magistrate judge's finding of probable cause to search the Bunn Street residence,[56] Defendant's Motion to Suppress is **DENIED**.

**CONCLUSION**

In light of the foregoing, Defendant's Motion to Dismiss at Docket 39 is **GRANTED**. Defendant's prior conviction pursuant to Alaska Stat. § 11.41.500(a)(1) is not a serious violent felony as that term is defined in 18 U.S.C. § 3559(c)(2)(F) and therefore it cannot be used to enhance any sentence pursuant to 21 U.S.C. § 841(b)(1)(A), (B), or (C).

Further, Defendant's Motion to Suppress at Docket 72 is **DENIED**.

DATED this 14th day of October, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[55] Docket 74-1 at 11.

[56] *See* Docket 73-1 at 16-28.